**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0258-18T2

HALL M. WHITE, JR.,

     Plaintiff-Appellant,

v.

KIMBERLY M. WILSON, ESQUIRE,
CITY OF TRENTON, ADA MEDINA,
EUNICE S. LEWIS, and ROBERT
YOSTEMBSKI, ESQUIRE,

     Defendants-Respondents.

_____

Submitted May 6, 2020 – Decided May 28, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2527-17.

Hall M. White, Jr., appellant pro se.

John Morelli, City Attorney, City of Trenton Law Division, attorney for respondents (John Morelli, on the brief).

PER CURIAM

Plaintiff Hall M. White, Jr. appeals from a July 20, 2018 order granting defendant City of Trenton as well as its employees Kimberly Wilson, Robert Yostembski, Eunice Samuel, and Ada Medina dismissal of plaintiff's complaint for failure to state a claim, and a September 17, 2018 order denying plaintiff's motion for reconsideration. We affirm.

The genesis of plaintiff's complaint were his arrests in 2004 and 2005 by Trenton City Police. The 2004 arrest ultimately became the basis of a complaint alleging false arrest, which plaintiff filed in federal court in 2006. Plaintiff filed a municipal complaint relating to the 2005 arrest, which was dismissed on January 20, 2005. Plaintiff's federal lawsuit also alleged police used excessive force during the 2005 arrest.

On May 18, 2011, plaintiff filed a second lawsuit pro se in federal court. Pursuant to 42 U.S.C. § 1983, the complaint alleged that the attorney for the City of Trenton, the municipal prosecutor, a municipal judge, two staff members of the municipal court, and a court reporter in the municipal court matter violated his rights by forging the transcript of the January 20, 2005 municipal court proceeding and submitting it in the first federal case, "caus[ing him] to lose" the first federal lawsuit. The record reflects the transcript was ordered on plaintiff's behalf on July 26, 2007 as a part of the first federal lawsuit, and the

2

audio CD of the January 20, 2005 proceeding, on which the transcript was based, was played in court for the judge in the first suit on June 1, 2011, in plaintiff's presence.

Plaintiff settled the first lawsuit in 2014. On January 24, 2014, he testified before the federal judge in that matter, and confirmed he was satisfied with his attorney's services and understood the settlement resolved all claims he filed, or could have filed, against defendants. On March 5, 2014, he signed a release, which stated it encompassed any claims relating to the 2004 and 2005 arrests. Plaintiff received and cashed a settlement check. A stipulation of dismissal with prejudice was entered on March 7, 2014.

Plaintiff's second federal lawsuit was dismissed on May 23, 2011. The judge hearing that matter noted a handwritten submission plaintiff made to the court in the first federal case, in which plaintiff stated:

> On [April 16, 2009], plaintiff filed an injunction on his then attorney . . . for failing and refusing to bring [to] the court's attention [that defendants in the second] action produced two false transcripts, a forged transcript, a forged docket number and a false certification by [defendants in the second action] stating plaintiff's transcripts for his two false arrests incidents of [November 18, 2004,] and [February 7, 2005,] do not exist.

The judge concluded that, based on plaintiff's submission, he knew of the alleged misconduct regarding the transcripts as early as April 16, 2009, and therefore the statute of limitations barred his lawsuit. The judge also found the doctrine of judicial immunity barred plaintiff's claims against the municipal court judge and staff, the § 1983 claims could not be asserted against a private court reporter who was not a state actor, and plaintiff's claims were frivolous and based on speculation.

On October 26, 2017, plaintiff filed a Law Division complaint alleging the same claims raised in the second federal lawsuit. He alleged he did not learn of the municipal court transcript forgery until he re-ordered the transcripts on October 27, 2015. Defendants filed a motion to dismiss in response.

The motion judge granted defendants' motion and dismissed plaintiff's complaint with prejudice. The judge found plaintiff was barred under the doctrines of accord and satisfaction, res judicata, entire controversy, as well as the statute of limitations. The judge reasoned that plaintiff was aware of the alleged wrongful conduct when the contents of the municipal court transcript were played for the federal judge during the June 1, 2011 court proceeding, and when the settlement of the first federal case was placed on the record on January 24, 2014. The judge also noted that plaintiff signed a release on March 5, 2014.

A-0258-18T2

Defendants' motion also sought to sanction plaintiff and restrain him from filing further lawsuits. However, the judge declined to do either and noted the issue of whether plaintiff should be denied access to the court was a matter for the assignment judge to decide.

Plaintiff filed a motion for reconsideration, which the motion judge denied. The judge found plaintiff did not present any new information or law the judge overlooked in his original decision to warrant reconsideration.

On this appeal, plaintiff argues his complaint should not have been dismissed because: 1) the motion judge incorrectly determined the transcripts plaintiff argued were forged were instead the product of clerical errors; 2) his claims were not barred by the statute of limitations, which did not begin to run until October 27, 2015; 3) his claims were not barred by accord and satisfaction or res judicata; 4) the motion judge ignored the evidence and deprived him of discovery; and 5) the court could not sanction or bar him from access to the court to seek legal redress.

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Watson v. N.J. Dep't. of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim

5

upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "This standard requires that 'the pleading be searched in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement.'" Ibid. (quoting Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2007)). We review the denial of a motion for reconsideration for a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

N.J.S.A. 2A:14-2 states "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." Generally,

> a cause of action will be held not to accrue until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim . . . [or] knows or has reason to know that he has a right of redress.
>
> [Lynch v. Rubacky, 85 N.J. 65, 70 (1981) (quoting Lopez v. Swyer, 62 N.J. 267, 272, 274 (1973) (alteration in original)).]

A-0258-18T2

We reject plaintiff's argument that his claims began to accrue when he received a copy of the allegedly forged transcript on October 27, 2015. The record readily demonstrates he knew of the claims asserted in his Law Division complaint as early as April 2009, when he sent a letter to the federal judge claiming he learned of the alleged forgery and defendants' alleged misconduct. Plaintiff then raised these claims when he filed his second federal lawsuit in May 2011, and a recording of the alleged forged transcript was played in court in plaintiff's presence in June 2011. Therefore, the filing of his Law Division complaint over six years later, in October 2017, was clearly barred by the statute of limitations.

For these reasons, plaintiff's complaint was properly dismissed for failure to state a claim and the motion judge did not abuse his discretion when he declined to grant reconsideration. Finally, because we affirmed the dismissal on grounds of the statute of limitations, we need not reach the other arguments raised on this appeal, except to note they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                      A-0258-18T2